## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARIANNE R. SHOWALTER, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MARTIN & BAYLEY, INC. d/b/a HUCK'S | ) |
| FOOD & FUEL STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff Marianne Showalter ("Plaintiff" or "Showalter"), by and through her undersigned counsel, and for her Complaint against Defendant Martin & Bayley, Inc. d/b/a Huck's Food & Fuel Stores, Inc. ("Defendant"), states as follows:

## PARTIES

1. Showalter is, and at all times relevant herein was, a resident of the Saint Louis City, Missouri. At all times relevant herein, Showalter was employed by Defendant.

2. Defendant is, and was at all times relevant herein, an Illinois corporation in good standing, with its principal place of business located at 1311A West Main Street, Carmi, Illinois, 62821, doing business in Missouri under the name Huck's Food & Fuel Stores, Inc. ("Huck's"), upon information and belief. At all times relevant herein, Defendant employed more than twenty (20) employees.

## JURISDICTION AND VENUE

3. Counts I and II of this action arise under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, as amended. Jurisdiction is proper in this Court pursuant to 42 U.S.C. §12117 and 42 U.S.C. §1331.

4. Counts III and IV of this action arise under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, as amended. Jurisdiction is proper in this Court pursuant to 29 U.S.C. §626(c) and 42 U.S.C. § 1331.

5. Counts V and VI of this action arise under the Missouri Human Rights Act ("MHRA"), RSMo §213.010, *et seq*. Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to the claims in this case occurred in Saint Louis County, Missouri, which lies within the Eastern District of Missouri.

## STATUTORY PREREQUISITES

7. On or about May 17, 2011, Showalter filed a charge of discrimination with the Equal Employment Opportunity Council ("EEOC"), which was dual filed with the Missouri Commission on Human Rights ("MCHR") and sent to the St. Louis Civil Rights Enforcement Agency ("CREA") pursuant to a deferral contract, alleging employment discrimination on the basis of race, disability, retaliation, and age.

8. Thereafter, Plaintiff received a "Notice of Right to Sue" letter from the Missouri Commission on Human Rights dated February 24, 2014, and filed this complaint within ninety (90) days of that date, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

**FACTUAL BACKGROUND**

9. Showalter was employed by Defendant as a Store Manager in Missouri from on or about January 25, 2006, until her termination in April 2011.

10. During her tenure as Store Manager, Showalter was responsible for managing the daily operations of the store(s) to which she was assigned.

11. In or about December 2008, Showalter was diagnosed with Stage 4 thryroid cancer. Showalter's physical condition substantially impaired one or more of her major life activities including, but not limited to, her breathing, speaking, and/or eating.

12. In or about July 2009, Showalter advised Huck's Director of Human Resources, Sheri Stevens ("Stevens"), that she needed to take leave under the Family Medical Leave Act ("FMLA") to undergo a surgical cancer treatment. Defendant placed Showalter on leave on or about September 2, 2009.

13. Showalter returned to work on or about March 17, 2010.

14. Immediately upon her return, Showalter learned that, while she was on leave, Defendant had demoted her from a full time manager to a part time cashier at a store located approximately thirty (30) miles away from the location where she worked prior to the date she began leave.

15. Showalter voiced her strong objection to the demotion to Stevens and her Regional Manager, Darnell Harvey ("Harvey"); Showalter told Stevens and Harvey that she believed that they were discriminating against her because of her age and/or disability.

16. On or about March 26, 2010, Showalter filed a complaint of employment discrimination with the EEOC, MCHR, and CREA alleging age and disability discrimination

("Initial Complaint"), a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

17. After Defendant agreed to restore her to her former position, Showalter subsequently withdrew the Initial Complaint.

18. On or about April 28, 2011, Stevens advised Showalter that the company had received and was investigating allegations that Showalter had directed employees to "work off the clock" ("WOTC"), a violation of Company policy.

19. The allegations against Showalter were made by a current and a former employee, Antoinette (Dawn) Henderson ("Henderson") and Serene Doelger-Alexander ("Alexander"), respectively, upon information and belief.

20. At the time Alexander made her allegations against Showalter, she had worked for Huck's for a total of seventeen (17) days, and initiated her complaint only after Showalter terminated her employment for workplace misconduct.

21. Henderson alleged that on one occasion in November or December 2010, Showalter asked her to work off the clock; Henderson could not, and did not, identify the date and/or time when Showalter allegedly asked her to WOTC, nor could Huck's independently corroborate her claim.

22. Showalter vehemently denied that she had ever asked Henderson, Alexander, or any employee to work without clocking in, and encouraged Stevens to interview her entire staff; Stevens placed Showalter on suspension pending the results of investigation.

23. On or about May 3, 2014, Stevens advised Showalter that she was terminating Showalter's employment for allegedly instructing employees under her supervision to WOTC.

24. Prior to terminating Showalter, Stevens only interviewed Henderson, even though Showalter supervised approximately eight (8) employees in total at the time.

25. Showalter was sixty years old and had worked for Defendant for more than six (6) years at the time she was terminated.

26. Throughout her tenure with Huck's, Showalter worked diligently to not only meet, but also exceed, her employer's expectations.

27. Showalter received good performance reviews during her employment with Huck's. Showalter regularly received merit increases in her salary, and received a bonus in March 2011.

28. Prior to her termination, Defendant did not tell and/or warn Showalter that her job performance was unsatisfactory or deficient.

29. Henderson and Alexander were not credible witnesses.

30. Showalter's termination was in violation of the internal progressive discipline policy adopted by Defendant and enforced for all other Huck's employees.

31. Defendant hired a non-disabled person under forty years old to replace Showalter as Store Manager.

32. At all relevant times herein, Stevens and Harvey were Defendant's agents, and at all such times were acting within the scope and course of their agency, and/or Defendant expressly authorized its actions or ratified their actions. Defendant is vicariously liable for the actions of its agents.

33. As a direct and proximate result of her wrongful discharge, Showalter has suffered, and will continue to suffer, economic injury to include lost wages and benefits of her employment.

34. As a direct and proximate result of her wrongful discharge, Showalter has suffered, and will continue to suffer, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

## COUNT I
### Discrimination in Violation of the Americans with Disabilities Act
### (42 U.S.C. § 12101, *et seq.*)

35. Showalter incorporates Paragraphs 1 through 34 by reference as though fully set forth herein.

36. Defendant is an employer within the meaning of the ADA.

37. Showalter is, and at all times relevant herein was, a person with a disability, and/or a person with a record of such an impairment, as defined by the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, as amended.

38. Defendant knew that Showalter was disabled, and/or that she had a record of being disabled at all times relevant herein.

39. At the time of her termination, Showalter was qualified for her position, and she was capable of performing the essential functions her position with or without a reasonable accommodation.

40. Defendant terminated Showalter's employment because Plaintiff is disabled and/or because she had a record of being disabled.

41. Defendant's termination was based on Showalter's disability, and constitutes disability discrimination in violation of Plaintiff's rights under the ADA.

42. Defendant's conduct was undertaken with willfulness, malice, and/or reckless indifference to Showalter's rights.

WHEREFORE, Plaintiff Marianne Showalter respectfully requests the Court enter judgment in her favor and against Defendant Martin & Bayley, Inc. d/b/a Huck's Food & Fuel Stores, Inc. on Count I, and make Plaintiff whole for the loss of income and benefits she suffered, including back pay, front pay, wage increases, loss of employment benefits, and all other monetary compensation authorized by law; order Defendant to compensate Plaintiff for emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation that she suffered as a result of Defendant's conduct; order Defendant to pay punitive and exemplary damages; order Defendant to pay interest in the amount authorized by law; award Plaintiff her costs herein, including reasonable attorney fees; appropriate injunctive relief; and grant any such additional affirmative relief as the Court deems just and proper.

## COUNT II
### Retaliation in Violation of the Americans with Disabilities Act
### (42 U.S.C. § 12203, *et seq*.)

43. Showalter incorporates Paragraphs 1 through 41 by reference as though fully set forth herein.

44. Plaintiff engaged in a protected activity when she filed the Initial Complaint on March 26, 2010, opposing Defendant's illegal disability discrimination.

45. Defendant knew and was aware that Showalter had opposed its discriminatory employment action(s).

46. Defendant wrongfully discharged Showalter on April 28, 2011, approximately one year after she filed the Initial Complaint.

47. Showalter's opposition to Defendant's discriminatory employment actions was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

48. Showalter's termination constitutes an adverse employment action in violation of the ADA.

49. Defendant's conduct was undertaken with willfulness, malice, and/or reckless indifference to Showalter's rights.

WHEREFORE, Plaintiff Marianne Showalter respectfully requests the Court enter judgment in her favor and against Defendant Martin & Bayley, Inc. d/b/a Huck's Food & Fuel Stores, Inc. on Count II, and make Plaintiff whole for the loss of income and benefits she suffered, including back pay, front pay, wage increases, loss of employment benefits, and all other monetary compensation authorized by law; order Defendant to compensate Plaintiff for emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation that she suffered as a result of Defendant's conduct; order Defendant to pay punitive and exemplary damages; order Defendant to pay interest in the amount authorized by law; award Plaintiff her costs herein, including reasonable attorney fees; appropriate injunctive relief; and grant any such additional affirmative relief as the Court deems just and proper.

### COUNT III
### Age Discrimination in Violation of the Age Discrimination in Employment Act
**(42 .S.C. §621, *et seq*.)**

50. Showalter incorporates Paragraphs 1 through 49 by reference as though fully set forth herein.

51. At the time Showalter was terminated, she was sixty years old.

52. Showalter is a member of a protected class, because she is was individual over the age of forty (40) at the time of her wrongful discharge.

53. Showalter was qualified for the position she held with Defendant, had held the position for six (6) years until her discharge, and was meeting her employer's legitimate job expectations when she was terminated.

54. Showalter's replacement was substantially younger than Showalter was at the time of her discharge.

55. Defendant terminated Showalter's employment because of her age.

56. Defendant's actions were based on Showalter's age, and constitute age discrimination in violation of Plaintiff's rights under the ADEA.

57. Defendant's conduct was undertaken with willfulness, malice, and/or reckless indifference to Showalter's rights.

WHEREFORE, Plaintiff Marianne Showalter respectfully requests the Court enter judgment in her favor and against Defendant Martin & Bayley, Inc. d/b/a Huck's Food & Fuel Stores, Inc. on Count III, and make Plaintiff whole for the loss of income and benefits she suffered, including back pay, front pay, wage increases, loss of employment benefits, and all other monetary compensation authorized by law; order Defendant to compensate Plaintiff for emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation that she suffered as a result of Defendant's conduct; order Defendant to pay punitive and exemplary damages; order Defendant to pay interest in the amount authorized by law; award Plaintiff her costs herein, including reasonable attorney fees; appropriate injunctive relief; and grant any such additional affirmative relief as the Court deems just and proper.

## COUNT IV
### Retaliation in Violation of the Age Discrimination in Employment Act
### (42 U.S.C. §623(d), *et seq.*)

58. Showalter incorporates Paragraphs 1 through 57 by reference as though fully set forth herein.

59. Plaintiff engaged in a protected activity when she filed the Initial Complaint on March 26, 2010, opposing Defendant's illegal age discrimination.

60. Defendant knew and was aware that Showalter had opposed its discriminatory employment action(s).

61. Defendant wrongfully discharged Showalter on April 28, 2011, approximately one year after she filed the Initial Complaint.

62. Showalter's opposition to Defendant's discriminatory employment actions was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

63. Showalter's termination constitutes an adverse employment action in violation of the ADEA.

64. Defendant's conduct was undertaken with willfulness, malice, and/or reckless indifference to Showalter's rights.

WHEREFORE, Plaintiff Marianne Showalter respectfully requests the Court enter judgment in her favor and against Defendant Martin & Bayley, Inc. d/b/a Huck's Food & Fuel Stores, Inc. on Count IV, and make Plaintiff whole for the loss of income and benefits she suffered, including back pay, front pay, wage increases, loss of employment benefits, and all other monetary compensation authorized by law; order Defendant to compensate Plaintiff for emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation that she suffered as a result of Defendant's conduct; order Defendant to pay punitive and exemplary damages; order Defendant to pay interest in the

amount authorized by law; award Plaintiff her costs herein, including reasonable attorney fees; appropriate injunctive relief; and grant any such additional affirmative relief as the Court deems just and proper.

## COUNT V
### Missouri Human Rights Act
### (RSMo § 213.110, *et seq.*)

65. Showalter incorporates Paragraphs 1 through 64 as though fully set forth herein.

66. Defendant is an employer within the meaning of the MHRA.

67. Showalter is a member of a class(es) protected by the MHRA.

68. Showalter's disability, record of having a disability, and/or age contributed to Defendant's decision to terminate Showalter.

69. Defendant's actions were based on Showalter's age and/or disability, and constitute illegal employment discrimination in violation of Plaintiff's rights under the MHRA.

70. Defendant's conduct was undertaken with willfulness, malice, and/or reckless indifference to Showalter's rights.

WHEREFORE, Plaintiff Marianne Showalter respectfully requests the Court enter judgment in her favor and against Defendant Martin & Bayley, Inc. d/b/a Huck's Food & Fuel Stores, Inc. on Count V, and make Plaintiff whole for the loss of income and benefits she suffered, including back pay, front pay, wage increases, loss of employment benefits, and all other monetary compensation authorized by law; order Defendant to compensate Plaintiff for emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation that she suffered as a result of Defendant's conduct; order Defendant to pay punitive and exemplary damages; order Defendant to pay interest in the amount authorized by law; award Plaintiff her costs herein, including reasonable attorney fees;

appropriate injunctive relief; and grant any such additional affirmative relief as the Court deems just and proper.

## COUNT VI
### Retaliation in Violation of the Missouri Human Rights Act
**(RSMo § 213.070(2),** *et seq***.)**

71. Showalter incorporates by reference Paragraphs 1 through 70 as though fully set forth herein.

72. Plaintiff engaged in a protected activity when she filed the Initial Complaint on March 26, 2010, opposing Defendant's illegal age and disability discrimination.

73. Defendant knew and was aware that Showalter had opposed its discriminatory employment action(s).

74. Defendant wrongfully discharged Showalter on April 28, 2011, approximately one year after she filed the Initial Complaint.

75. Showalter's opposition to Defendant's discriminatory employment actions was a contributing factor in Defendants' decision to terminate Plaintiff's employment.

76. Showalter's termination constitutes an adverse employment action in violation of the MHRA.

77. Defendant's conduct was undertaken with willfulness, malice, and/or reckless indifference to Showalter's rights.

WHEREFORE, Plaintiff Marianne Showalter respectfully requests the Court enter judgment in her favor and against Defendant Martin & Bayley, Inc. d/b/a Huck's Food & Fuel Stores, Inc. on Count VI, and make Plaintiff whole for the loss of income and benefits she suffered, including back pay, front pay, wage increases, loss of employment benefits, and all other monetary compensation authorized by law; order Defendant to compensate Plaintiff for emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment

of life, stress, and loss of reputation that she suffered as a result of Defendant's conduct; order Defendant to pay punitive and exemplary damages; order Defendant to pay interest in the amount authorized by law; award Plaintiff her costs herein, including reasonable attorney fees; appropriate injunctive relief; and grant any such additional affirmative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-2.04 of this Court, Plaintiff hereby demands a trial by jury of all claims and issues in this action triable to a jury.

Respectfully submitted,

MARIANNE SHOWALTER, Plaintiff,


  /s/ Joshua M. Schindler
Joshua M. Schindler, #37891MO
THE SCHINDLER LAW FIRM, P.C.
141 North Meramec Avenue, Suite 201
Saint Louis, MO  63105
Tel: (314) 862-1411
Fax: (314) 862-1701
E-mail: josh@schindlerlawfirm.com

*Attorney for Plaintiff*

13